IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROCIO EVANS, | No. 08-0944 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| ASIAN AMERICAN RECOVERY SERVICES, INC., | |
| Defendant | |

Before the Court is plaintiff's request, filed March 20, 2008, for appointment of counsel. Having read and considered the request, the Court rules as follows.

Because plaintiff will not be subjected to any possible loss of physical liberty if she does not prevail in the instant action, she has no right to appointment of counsel, see Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981), nor are funds available from the district court to compensate appointed counsel. In employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, however, pro bono counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." See 42 U.S.C. § 2000e-5(f)(1). In considering an application for appointment of counsel under § 2000e-5(f)(1), the district court must assess three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel,

1  and (3) whether the plaintiff's claim has merit." See Bradshaw v. Zoological Soc. of San
2  Diego, 662 F. 2d 1301, 1318 (9th Cir. 1981).

3      Because the Court has previously granted plaintiff's application to proceed in forma
4  pauperis herein, plaintiff has made a sufficient showing with respect to her lack of financial
5  resources. Plaintiff's showing with respect to her efforts to secure counsel, specifically, that
6  she "consulted on several occasions with attorneys at East Bay Legal Services," (see Pl.'s
7  Letter, filed March 20, 2008, at 2), is not sufficient, however. Plaintiff also has not shown
8  that her claims have merit,[1] and, indeed, the Equal Employment Opportunity Commission
9  was "unable to conclude that the information obtained [during its investigation of plaintiff's
10 claims] establishes violations of [Title VII]." (See Compl., attachment thereto.) Although
11 plaintiff is not bound by that finding herein, the Court finds, under the circumstances, that
12 plaintiff has not made a sufficient showing of merit to justify a search for volunteer counsel
13 willing to accept an appointment.

14     Accordingly, plaintiff's request is hereby DENIED.

15 **IT IS SO ORDERED.**

17 Dated: April 14, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] In her complaint, plaintiff alleges claims of discrimination on the basis of "race or color," which she identifies as "Mexican race," (see Compl. ¶¶ 5, 6), specifically, that, as a result of discrimination, plaintiff was improperly paid and was "defamed." (See Compl. ¶¶ 4.d., 6.) In a letter attached to her complaint, plaintiff repeats those assertions, and, in addition, claims defendant engaged in "gender discrimination" by not "acknowledg[ing] [plaintiff's] professional [t]itle." (See Compl., letter attached thereto at 1.)
In her request for appointment of counsel, plaintiff also asserts that defendant retaliated against her after plaintiff "advocated for" clients and that one of plaintiff's supervisors "severely harassed" plaintiff. (See Pl.'s Letter, filed March 20, 2008, at 1.) Such assertions are not included in plaintiff's complaint, however, and thus are not at issue herein.

2