Brad Yamauchi, SBN 73245
Nina Paul, SBN 249954
MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
E-mail byamauchi@minamitamaki.com
       npaul@minamitamaki.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROCIO EVANS,<br><br>              Plaintiff,<br><br>vs.<br><br>ASIAN AMERICAN RECOVERY SERVICES,<br><br>              Defendant. | Case No. CV-08-0944<br><br>**DEFENDANT ASIAN AMERICAN RECOVERY SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint filed: February 14, 2008 |

Defendant Asian American Recovery Services ("Defendant") hereby answers the Complaint ("complaint") filed by Plaintiff Jane Rocio Evans ("Plaintiff") as follows:

1. Responding to Paragraph 1 of the complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. Responding to Paragraph 2, Defendant admits that it has an office located at 1115 Mission Road, South San Francisco, CA 94080.

3. Responding to Paragraph 3, Defendant denies that it engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendant admits that the court has jurisdiction over Plaintiff's Title VII cause of action. Defendant denies that the court has jurisdiction over Plaintiff's defamation cause of action on behalf of herself and "African American co-worker Arthur." Defendant denies that Plaintiff is entitled to any relief under 42 U.S.C. Section

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

2000e-5(g).

4. Defendant denies all allegations in Paragraph 4.

5. Defendant denies all allegations in Paragraph 5.

6. Defendant admits the allegation in Paragraph 6 that Plaintiff "was not paid *extra* salary for being a Senior I Counselor, or Spanish Speaking" (emphasis added). Defendant admits that Plaintiff is a "Licensed Professional Therapist and of Mexican race." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Defendant authorized Caucasian co-worker Bruce, who is an administrative assistant, to audit and evaluate the quality of [Plaintiff's] treatment plans." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Jose Arinez was paid for speaking Spanish with clients." All text at the bottom of Page 2 of the complaint after the allegation that "Jose Arinez was paid for speaking Spanish with clients," is illegible; Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained therein. Defendant denies all other allegations in Paragraph 6.

7. Defendant denies all allegations in Paragraph 7.

8. Responding to Paragraph 8, Defendant admits that Plaintiff filed charges with the Federal Equal Employment Opportunity Commission on or about June 27, 2007.

9. Responding to Paragraph 9, Defendant admits that the Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received the Notice on or about January 9, 2008.

10. Defendant does not respond to Paragraph 10 as it makes no factual or legal allegation.

11. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 11.

Along with her complaint, Plaintiff filed a letter to the San Francisco Federal Court ("Letter to Superior Court" is written as a heading on the top of page 2 of the document). While Defendant believes that the letter is neither part of the complaint nor a separate complaint, Defendant answers

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 2 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

the allegations contained in the letter without waiving its objection to the letter on the grounds that it is an improper pleading and in improper format:

12. Responding to Paragraph 1 of the letter, Defendant denies that it engaged in "intentional racial and income discrimination" against Plaintiff. Defendant admits that it did not give Plaintiff business cards. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

13. Responding to Paragraph 2 of the letter, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14. Responding to Paragraph 3 of the letter, Defendant denies that Plaintiff was intentionally "not taken out of the incorrect salary grade and given the correct salary amount." Defendant denies that it engaged in "severe salary Discrimination regarding [Plaintiff's] Professional Title." Defendant admits that the job title of "Therapist" is used in another program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

15. Responding to Paragraph 4 of the letter, Defendant denies that it slandered and/or defamed Plaintiff's professional reputation. Defendant admits that Plaintiff applied for a Therapist position at Defendant and that Defendant did not interview Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

16. Responding to Paragraph 5 of the letter, Defendant denies that it slandered and/or defamed Plaintiff's professional reputation to RAMS Manager Bassiri. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

The following affirmative defenses are asserted for allegations in both the complaint and the letter, although Defendant does not waive its objections to the letter on the grounds that it is an improper pleading and in improper format:

//

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 3 -
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### FIRST AFFIRMATIVE DEFENSE

17. As a first, separate and affirmative defense, Defendant asserts that if Plaintiff suffered any damages, which Defendant disputes, such damages were due in whole or in part to Plaintiff's own actions, inactions, or delay in acting, and/or the negligence or acts of third parties, and said negligence comparatively reduces the percentage of negligence, if any, by Defendant.

### SECOND AFFIRMATIVE DEFENSE

18. As a second, separate and affirmative defense, Defendant asserts that it had no knowledge of any alleged discrimination against and/or purported protected act by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

19. As a third, separate and affirmative defense, Defendant asserts that all reasonable steps to prevent discrimination and/or retaliation were taken once Defendant became aware of the alleged conduct.

### FOURTH AFFIRMATIVE DEFENSE

20. As a fourth, separate and affirmative defense, Defendant asserts that did not approve and/or ratify any wrongful conduct.

### FIFTH AFFIRMATIVE DEFENSE

21. As a fifth, separate and affirmative defense, Defendant asserts that all of its actions toward Plaintiff were based on bona fide factors and were taken based upon legitimate, proper, lawful business reasons and necessity, which were not a pretext for discrimination.

### SIXTH AFFIRMATIVE DEFENSE

22. As a sixth, separate and affirmative defense, Defendant denies that Plaintiff's race or color or any other impermissible factor played any role in the employment decisions relating to Plaintiff. Alternatively, even if some impermissible factor had played a role in any of those decisions, which Defendant denies, the same decision would have been reached for legitimate, nondiscriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

23. As a seventh, separate and affirmative defense, Defendant asserts that Plaintiff is

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 4 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

not entitled to recover any punitive damages because: (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; and (2) Defendant committed no act justifying an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

24. As a eighth, separate and affirmative defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by her failure to mitigate, or reasonably attempt to mitigate, her alleged damages.

### PRAYER FOR RELIEF

WHEREFORE Defendant prays:

1. That Plaintiff takes nothing by her complaint.
2. For attorneys' fees and costs incurred in defense of this matter.
3. For such other relief as the Court deems proper.

Dated this 22nd day of May, 2008.

Respectfully submitted,

MINAMI TAMAKI LLP

By: *Nina Paul*

Nina Paul

Attorney for Defendant

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 5 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES