Jane Rocio Evans, MFT
P.O. Box 424886
San Francisco, CA 94142

FILED
08 AUG 27 PM 12: 27

UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROCIO EVANS, MFT<br><br>Plaintiff,<br><br>vs.<br><br>ASIAN AMERICAN RECOVERY SERVICES,<br><br>Defendant | Case No. C08-0944 MMC (BZ)<br>Magistrate Judge Bernard Zimmerman<br><br>Notice to set ASIDE JUDGMENT ON RECORD (TAPE) |

**Plaintiff received an e-mail from attorney of Defendant, John Ota, which was intimidating and coercive in tone. E-mail submitttted for Judge's review.** Plaintiff is respectfully requesting and insisting of Judge Zimmerman to set aside his Judgment or if this Judgment has not been made, for a Judgment not to be made that Plaintiff filed Charges on Asian American Recovery Services company' **With prejudice**.' Plaintiff HAS DECIDED NOT TO SIGN anything Asian American Recovery Services and not to accept and cash the $4,000 check offered from Defendant in exchange for this signature, due to Plaintiff being greatly alarmed by this 'With prejudice 'Judgment which Plaintiff cannot, based on moral grounds and a violation of Plaintiff's values and Principles, accept. Plaintiff has made all of these Charges in good faith and **has evidence for their validity.** Plaintiff is honest and cannot ever accept such a Judgment based on her moral values and principles. The truth is the most important equation in this matter, and thus at this point, the Discovery process is the most important factor, so that the discrimination

Case Number: C08-0944 MMC(BZ)

and suffering that Plaintiff endured at this Company does not happen to the next employee. Plaintiff has communicated these concerns via e-mail and certified mail to Defendant's attorney John Ota on August 23, 2008. **Plaintiff is thus refusing to sign these papers and cash this check on the grounds that her honesty and integrity cannot be purchased by Asian American Recovery Services fro $4,000.** Plaintiff apologizes to this Judge and to this Court for the inconvenience this has caused, however, this is unintentional and Plaintiff states that this is her first time at a settlement Conference and thus Plaintiff lacks experience with this. Plaintiff was not aware of which questions needed to be asked on August 15th and needed the whole process explained to her. Plaintiff was also overwhelmed near the end by this process and did not clearly understand at the time what' with prejudice, 'meant. Plaintiff is in the process of consulting with a licensed experienced attorney in order to determine how best to proceed from here. Plaintiff will be forwarding a copy of this letter to Defendant and will be requesting and insisting that defendant give a business reason in writing as to why De Lynda De Leon did not provide a professional reference to RAMS CEO Kavoos Bassiri, when Plaintiff requested this of De Leon in 2007. De Leon's business reason at the time to Plaintiff, as stated in writing and reported to Mary Chung was' If I give you this reference, my professional reputation will be on the line if you get fired in your next job." Plaintiff is also requesting an explanation as to why Ms. De Leon chose to Caucasian Administrative Assistant Bruce Chatfield a professional reference, and not Plaintiff. Plaintiff is claiming differential and preferential treatment in favor of Chatfield over Plaintiff as regards Ms. De Leon's professional reference in this

Case Number: Co8-0944 MMC (BZ)

matter. Plaintiff is also requesting and insisting on a discovery process from AARS as to which employees Ms. De Leon gave professional references for and which employees she did not provide professional references for. Plaintiff is also requesting and insisting on an explanation as to why she has not received a professional reference at all from any manager in this company. Plaintiff has many e-mails to verify and validate that she completed her job duties and completed assessments early and on a timely basis. Plaintiff did a good job for defendant's company and this professional reference is thus well deserved.

Plaintiff is requesting and insisting that Defendant give in writing to Plaintiff the business reason as to why AARS is willing to give $4,000 to Plaintiff. Defendant is currently putting unnecessary pressure on Plaintiff to sign a document to dismiss her claims on AARS. The evidence for this is the current e-mail from AARS representative John Ota sent to Plaintiff. Plaintiff is also respectfully requesting that this Judge consult regarding this case. It is against the law for Defendant to offer hush money to Plaintiff and it is also against the law, to Plaintiff's understanding, to accept hush money from AARS Company. Thus Plaintiff cannot accept this $4,000 based on these grounds. In addition, with all due respect to this Judge, Plaintiff felt pressured to decide this matter in 15 minutes, as this Judge requested of her during the Settlement Conference. Plaintiffs understanding now is that a Plaintiff needs to have time to sleep over this decision, as well as time to consult with an attorney before an agreement or a decision is made from any Plaintiff regarding any settlement agreement. Plaintiff was too inexperienced at the time of August 15th in order to understand or know this, but Defendant' attorney and Defendant is not, therefore the responsibility for following or adhering to an ethical process such as this falls on Defendant. Plaintiff can never accept hush money, however, Plaintiff's understanding is that the $4,000 is already legally due to her for the following reasons: Plaintiff has evidence in the form of an Exhibit, which she has already submitted to this Court in her Conference Statement. Exhibit verifies in writing that Plaintiff requested severance pay from Defendant Human Resources manager Mary Chung. Plaintiff requested this when she was making her complaint on Trevor Graham. Chung denied Plaintiff's request at the time, without giving a business reason, even though Plaintiff communicated at the time, around June 2007, that she was at serious

Case Number: C08-0944 MMC (BZ)

financial risk and was not eligible at the time for Employment Development Department benefits. Manager De Lynda De Leon communicated to Plaintiff about one month before, that co-worker Jessica Katzman, who holds an equivalent title as Plaintiff, that of a Licensed Mental health professional, as can be verified by Board of Psychology legal Website license search and for Plaintiff, Board of Behavioral Sciences legal website license search, had asked for severance pay from Defendant's company and had been granted these severance payments,' If she is not hired by RAMS.' De Leon communicated to Evans, before May 29, 2007. During the Hearing with Judge MMC, Defendant attorney Nina communicated to this Judge that 'AARS has discriminated because they offered Ms. Katzman severance pay and not Ms. Evans… Ms. Cheung also did not do her legal duty by not investigating Plaintiff's appeal of this matter." During this Hearing, Plaintiff communicated to this Judge that Defendant's company had violated wage discrimination law. Plaintiff had coordinated a Spanish-speaking program at Defendant's company and had seen Spanish-speaking clients on a regular basis, as did PAES employee Jose Arinez. Plaintiff had not been paid on a money basis for her Bilingual/ bicultural skills, even though Arinez had interviewed her in Spanish with De Leon during her interview at Defendant's company, at De Leon's request. The Judge communicated to Plaintiff during Hearing regarding wage discrimination law' I see your point" To attorney Nina,"perhaps a settlement conference can be arranged.' Plaintiff thus is continuing to request and insist that Plaintiff pay her Spanish speaking pay she is owed, the exact same amount that was paid to Jose Arinez, for one year, as Plaintiff

No: C08-0944 MMC (BZ)

would have stayed at this company had Defendant not lost their funding. Plaintiff is calling for a Discovery process as regards what this amount is. Arinez communicated to Plaintiff, at around the end of June 2007, that he had been paid Bilingual pay at PAES. De Leon had intentionally misrepresented facts during salary negotiations by communicating to Plaintiff at the time, around February 2007, 'No one here is getting paid bilingual pay.' In addition, Plaintiff spent many hours completing the Conference statement, and with all due respect, Judge Zimmerman at the settlement Conference did not have an opportunity to read Plaintiff's statement before he made his Judgment of 'With Prejudice," and put this Judgment 'on the tape record,' so to speak. Plaintiff is Respectfully requesting and insisting that this Judge carefully read and review Plaintiff's statement before making a Judgment. Plaintiff states that she is owed severance pay and bilingual pay, as well as professional Marriage, Family Therapist salary pay, by Defendant, and that she does not have to sign any hush papers or any papers stating that she will dismiss her claims on Asian American Recovery services for this. Plaintiff has submitted evidence that this company is currently paying other employees, particularly in the South San Francisco branch of this organization where manager Sunjung manages, Licensed Therapist pay, which is significantly higher than what Plaintiff received at the PAES program. Plaintiff requested licensed therapist pay during salary negotiations, but was not offered this pay by De Leon. De Leon misrepresented facts by not informing Plaintiff at the time that other licensed clinicians were getting paid a good salary for being a licensed therapist at other branches of Asian American Recovery Services. De

No: C08-0944 MMC (BZ)

Leon did not refer Plaintiff's resume to one of these branches. It is the same network or company, so Plaintiff needs to be paid for these services at this time. Therefore, this claim is valid, as Plaintiff has submitted her MFT license record, a paycheck copy and also a copy of what salaries are for licensed therapist at Defendant's organization as Exhibits to this Court. Plaintiff validated the Funding at Defendant's company and Defendant was able to bill and obtain a higher reimbursement for client's services from Plaintiff's professional license, higher than that of an unlicensed clinician, thus it is fair that Plaintiff be paid for her MFT license at this time, without having to sign any claim Dismissal papers for this. In addition, Defendant violated their Harassment Policy intentionally, thus Plaintiff's discrimination claim is valid. Plaintiff requested a meeting to discuss complaints she had regarding Trevor Graham. De Lynda De Leon was present at this meeting, as well as Graham and Manager Daniel Toleran. De Leon intentionally did not have an administrative assistant take notes at this meeting. She communicated to Plaintiff around the time: Tila (administrative assistant of AARS) can't be here to take notes because she is Carrie's (Langenbach's) friend.' During this meeting, Plaintiff communicated to those present "Graham's misrepresenting my employment performance to you." Neither De Leon nor Toleran communicated this to Human Resources Manager Mary Chung and asked for an investigation of Graham. Thus both these managers intentionally did not adhere to Asian American Recovery Services harassment Policy. Plaintiff imitated a meeting with Chung, in order to discuss harassment she was experiencing at the time from Katzman, Graham, Langenbach and co-worker John.

Case Number: C08-0944 MMC(BZ)

Toleran threatened and intimidated Plaintiff during a meeting by telling her, " If you don't let Trevor sign your assessments, you will be terminated.' Plaintiff suffered distress over this statement and subsequent fear of getting fired. Plaintiff is within her legal authority, as her title is equivalent to Graham's, to sign for her own assessments, independent of Graham. **Plaintiff is claiming differential treatment regarding this,** as Robert Liss and Trevor graham were not Threatened with Termination or told that Evans had to sign Graham's assessments, which Evans has the legal authority to do, and which would have been appropriate for quality review purposes. Thus Plaintiff's professional title was not acknowledged or validated, but Graham's and Liss, both Caucasian males, was.

Dated: August 26, 2007

Cc: Judge MMC
Cc: AARS attorney John Ota

Respectfully,

Jane Rocio Evans,
Licensed Marriage, Family Therapist