BRAD YAMAUCHI (State Bar No. 73245)
JOHN OTA (State Bar No. 195532)
LISA CHARBONNEAU (State Bar No. 245906)
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

E-mail: jota@minamitamaki.com

Attorneys for Defendant
Asian American Recovery Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROCIO EVANS,<br><br>        Plaintiff,<br><br>vs.<br><br>ASIAN AMERICAN RECOVERY SERVICES,<br><br>        Defendant. | Case No. CV-08-0944-EMC<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>DATE:  September 10, 2008<br>TIME:  1:30 pm<br>CTRM:  C, 15th Floor |

Defendant ASIAN AMERICAN RECOVERY SERVICES (hereinafter "Defendant") submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case. Pursuant to Civ. L.R. 16-9(a) (N. Dist. 2008), Defendant submits this Statement separately as the Plaintiff in this case is not represented by counsel.

//

//

## I. JURISDICTION AND SERVICE

Jurisdiction in this case is proper as the Complaint contains allegations arising under Federal law, the Civil Rights Act of 1964. Plaintiff filed her Complaint on February 14, 2008 and it was served on Defendant on May 16, 2008.

## II. FACTS

AARS was the fiscal intermediary for the San Francisco Department of Public Health's ("DHS") Personal Assisted Employment Services ("PAES") Counseling Services program. On February 9, 2007, Defendant hired Plaintiff as a Senior Counselor I for the PAES program. In April 2007, Defendant notified PAES staff, including Plaintiff, that Defendant would be laying off all of its PAES counselors because Defendant lost its contract for the PAES program with DHS. The last day of work at AARS for all PAES counselors, including Plaintiff, was June 29, 2007. Some former AARS PAES counselors were soon hired by Richmond Area Multi-Services, Inc. ("RAMS"), the agency that obtained the PAES program funding after Defendant. Plaintiff applied for work at RAMS but was not hired. Plaintiff claims that AARS personnel defamed her to RAMS personnel, causing RAMS to not hire her.

On June 27, 2008, Plaintiff filed an EEOC complaint against Defendant AARS that alleged discrimination (national origin) and retaliation. The EEOC conducted an investigation, found no cause, closed Plaintiff's EEOC Charge, and issued a right to sue. Plaintiff then filed an in pro per "employment discrimination" complaint against AARS in federal court on February 14, 2008 and served the complaint on Defendant on May 2, 2008. Defendant filed its Answer to the Complaint on May 22, 2008.

On May 23, 2008, an initial case management conference was held before Judge Maxine Chesney during which the parties consented to reassignment of the case to Magistrate Judge Edward

M. Chen for all purposes. The case was reassigned to Judge Chen on May 28, 2008. On that same day, the case was referred to settlement conference proceedings before Magistrate Judge Bernard Zimmerman. On August 15, 2008, both parties appeared for a settlement conference before Judge Zimmerman. During the settlement talks, Judge Zimmerman questioned the Executive Director of RAMS, who plaintiff claimed would confirm that AARS personnel had defamed plaintiff, causing her to not be hired by RAMS. The witness categorically denied that he had talked to anyone at AARS at all regarding plaintiff.

Thereafter, plaintiff agreed to dismiss her case against AARS with prejudice in exchange for a payment of $4,000. Judge Zimmerman went on the record, recited the terms of the agreement and both plaintiff and defendant's representatives stated that they understood and agreed to the terms. Asked if they wanted to add any other terms, plaintiff added a provision that AARS would tell prospective employers only the dates of her employment, her salary and job title. AARS added a confidentiality provision. The parties also agreed that AARS would provide plaintiff with a draft of a release by August 22, and that the parties would exchange the signed release for the $4,000 check by August 29, 2008.

Unfortunately, since the settlement conference, plaintiff has attempted to repudiate the terms of the August 15, 2008 settlement agreement to which she agreed and which is on the record. In a letter dated August 20, 2008, Defendant's counsel sent Plaintiff a confidential settlement agreement and mutual release and a stipulation to dismissal. The letter was delivered on August 22, 2008. In an email dated August 23, 2008 (which was later received via certified mail on August 26, 2008), Plaintiff stated, among other things, that she would "not be signing papers" and would not accept the $4,000 settlement term the parties agreed to on August 15, 2008. Based on this email, Defendant assumes that Plaintiff is refusing to sign the Release and has repudiated the settlement agreement. On August 27, 2008, Defendant sent Plaintiff a letter indicating it will make a motion asking the Court to

enforce the agreement. That same day, on August 27, 2008, Plaintiff filed a document with the Court entitled "Notice to Set Aside Judgment on Record (Tape)."

### III.   LEGAL ISSUES

Because plaintiff openly agreed at the August 15, 2008 settlement conference with Judge Zimmerman to settle and dismiss her case in exchange for $4,000, and the terms and fact of the agreement were put on the record by Judge Zimmerman, defendant AARS believes that the Court must enforce this settlement notwithstanding plaintiff's belated attempt to repudiate the agreement.

### IV.   MOTIONS

On August 27, 2008, Plaintiff filed a document with the Court entitled "Notice to Set Aside Judgment on Record (Tape)." Defendant will file a Motion to Enforce Settlement by September 5, 2008.

### V.   AMENDMENT OF PLEADINGS

None are known at this time.

### VI.   EVIDENCE PRESERVATION

Defendant neither has nor participates in any document-destruction program, including any program that erases e-mail messages, voicemails or other electronically recorded material on an ongoing basis.

### VII.   DISCLOSURES

Defendant has not completed its Fed. R. Civ. P. 26(a)(1) initial disclosures. Because the case has settled, the issue of disclosures is moot.

## VIII. DISCOVERY

As the parties reached settlement on August 15, 2008, Defendant has not created a proposed discovery plan, nor contemplated limitations or modifications of the discovery rules.

## IX. CLASS ACTION

This is not a class action.

## X. RELATED CASES

To the parties' knowledge, there are no related cases or proceedings pending.

## XI. RELIEF

Plaintiff claims she is owed backpay and compensatory damages related to her separation from Defendant AARS. Defendant denies any and all liability.

## XII. SETTLEMENT AND ADR

In a settlement conference before Judge Zimmerman on August 15, 2008, Plaintiff agreed to release her claims against the Defendant in exchange for a payment of $4,000. This agreement was on the record. It now appears that Plaintiff is refusing to sign the Release and has repudiated the settlement agreement. Please see the "Facts" section above.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented to Magistrate Judge Edward M. Chen for all purposes.

## XIV. OTHER REFERENCES

Defendant does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

## XV. NARROWING OF ISSUES

Because the case has settled, no issues need to be narrowed.

## XVI. EXPEDITED SCHEDULE

Defendant does not believe that this not the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

Because the parties entered into a settlement agreement, Defendant sees no need to propose dates for the designation of experts, discovery cutoff, hearing of dispositive motions, and trial at this time.

## XVIII. TRIAL

Defendant requests a jury trial. Defendant cannot estimate the length of the trial at this time.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

1. Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 on May 16, 2008.

2. Pursuant to Civil Local Rule 3-16, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Philadelphia Insurance Companies.

## XX.  OTHER MATTERS

None.

Respectfully Submitted,

MINAMI TAMAKI LLP

Dated this __3__ day of September, 2008.

_____
LISA CHARBONNEAU
Attorneys for Defendant AARS

## [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____, 2008    By: _____
Edward Chen
United States Magistrate Judge

**PROOF OF SERVICE**

**RE: *Jane Rocio Evans v. Asian American Recovery Services***
**U.S. District Court for the Northern District of California Case No. CV-08-0944-EMC**

I, Patrick Domin, declare as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and am not a party to this action. My business address is MINAMI TAMAKI LLP, 360 Post Street, 8th Floor, San Francisco, California 94108.

In said County and State, on **September 3, 2008**, I served the following:

1.      DEFENDANT'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Jane Rocio Evans
P. O. Box 424886
San Francisco, CA 94142

_____ BY PERSONAL SERVICE: I placed a true copy in a sealed envelope, addressed as indicated above and giving same to a messenger for personal delivery before 5:00 p.m. on the above-indicated date.

__X__ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

_____ BY FACSIMILE: From facsimile machine telephone number (415) 398-3887 on the above-indicated date, I served a full and complete copy of the above-referenced document by facsimile transmission to the person[s] at the number[s] indicated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Francisco, California, on **September 3, 2008**.

*/s/ Patrick Domin*
Patrick Domin